[No. 1500.  Decided November 9, 1894.]

W. E. MURREY, *Respondent*, v. JOHN KELSO, *Appellant.*

PRINCIPAL AND AGENT — LIABILITY FOR TORTS OF AGENT — MALICIOUS PROSECUTION — EVIDENCE.

Where an agent employed to search for certain property which his principal had lost, and to take all legal steps necessary for its recovery, wrongfully caused the arrest of a person by charging him with the larceny of the property, the principal is not liable for such malicious prosecution, as the character of the employment did not authorize the commission of illegal acts on the part of the agent.

In an action for malicious prosecution, under such circumstances, evidence that defendant stated that his agent had gotten himself into trouble by instituting criminal proceedings, and that he was

going to stand by him and see him through, is insufficient to warrant a verdict against defendant.

*Appeal from Superior Court, Lewis County.*

*Edward F. Hunter,* for appellant.

*W. I. Agnew* and *S. C. White,* for respondent.

The opinion of the court was delivered by

HOYT, J.—This action was brought against appellant and one Webster, to recover damages for malicious prosecution. The injury complained of was that plaintiff had been arrested, charged with grand larceny upon the complaint of said Webster, who, it was claimed, was the agent of the appellant.

Numerous exceptions were taken during the progress of the trial, and errors founded thereon have been argued here, but the conclusion to which we have come as to the force of the evidence introduced upon the trial renders it unnecessary for us to consider them. There is no evidence in the record tending in the least degree to connect the appellant with the proceedings for the arrest of the plaintiff, except the fact that he had employed said Webster to search for certain property which he had lost, and to take all legal steps necessary for its recovery. There is not a particle of proof tending to show that he authorized or directed the institution of the proceedings for the arrest of the plaintiff. The most that appeared from the entire case was that he had employed Webster as his agent to do what he lawfully could in the prosecution of his business. This being so, it is clear that he would not be responsible for an illegal act of said Webster, as he was authorized only to do legal acts.

In order to sustain the action for malicious prosecution there must be positive wrong on the part of the defendant, either through something which he has done himself or which he has authorized. There was nothing unlawful in the employment by the defendant of Webster as his agent for the purposes for which he was employed. Hence from

the fact of such employment no wrong could be imputed to the appellant, and since some wrong must be brought home to him before he can be made liable in this action, there was an absolute failure to prove an element necessary to establish liability on his part. It is true that there were some statements made by the appellant, after the institution of this suit, put in evidence against his objection, but we are unable to see that they tended in any manner to establish his liability for the unlawful acts of said Webster. The most that can be gathered from such statements is that he was aware that Webster had gotten himself into this trouble while he was at work for him, and that for that reason he was going to stand by him and see him through. But this did not tend in any manner to prove that he had authorized or encouraged the institution of the criminal proceedings. That such was not his intention in making the statements is clearly evidenced by the fact that in the same conversation he stated that he had no knowledge whatever of the institution of the proceedings by Webster.

In order to sustain this action against appellant it was necessary for plaintiff to show more than that Webster was the agent of appellant for the transaction of lawful business. He must show either that the business in which he had employed him was in itself unlawful, and that the proceedings under consideration were in pursuance thereof, or he must show that appellant had some connection with the proceedings which are the foundation of the action. We have carefully examined the entire record and have been unable to find any proof tending even in the most remote degree to establish either of these facts.

It follows that there is nothing to sustain the verdict of the jury and that the judgment must be reversed and the cause remanded for a new trial.

DUNBAR, C. J., and ANDERS, SCOTT and STILES, JJ., concur.